UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WORLD TRIATHLON CORPORATION,

      Plaintiff,

v.                                                   Case No.  8:05-cv-659-T-24 MAP

ZEFAL, INC. and ZEFAL CORPORATION,

      Defendants.
_____/

**ORDER**

      This cause comes before the Court on Plaintiff's Motion for Default Judgment Against Zefal, Inc. (Doc. No. 41, 43).

**I.  Background**

      Plaintiff World Triathlon Corporation alleges the following in its complaint: Plaintiff, a Florida corporation, is in the business of organizing and promoting triathlon competitions worldwide.  (Doc. No. 1, ¶ 1, 8).  Plaintiff is also in the business of licensing its internationally famous IRONMAN TRIATHLON and IRONMAN marks in connection with the sale of athletic products.  (Doc. No. 1, ¶ 8).

      Defendant Zefal, Inc. is a Texas corporation.  (Doc. No. 1, ¶ 2).  On or about May 5, 2003, Plaintiff and Zefal, Inc. entered into a license agreement wherein they agreed that Plaintiff would grant an exclusive license to Zefal, Inc. to use Plaintiff's IRONMAN marks on bicycle equipment on a worldwide basis.  (Doc. No. 1, ¶ 16).  In return, Zefal, Inc. agreed to develop, promote, and market the licensed products and pay Plaintiff certain royalties and sponsorship fees.  (Doc. No. 1, ¶ 16).  The term of the license agreement was through December 31, 2007, unless terminated sooner pursuant to the provisions of the agreement.  (Doc. No. 1, Ex. A, ¶

2(e)).

Pursuant to the license agreement, Zefal, Inc. agreed to make guaranteed minimum payments to Plaintiff under the contract as follows:

- $6,250 due October 1, 2003
- $8,750 due January 1, 2004
- $8,750 due April 1, 2004
- $8,750 due July 1, 2004
- $8,750 due October 1, 2004
- $10,000 due January 1, 2005
- $10,000 due April 1, 2005
- $10,000 due July 1, 2005
- $10,000 due October 1, 2005
- $12,500 due January 1, 2006
- $12,500 due April 1, 2006
- $12,500 due July 1, 2006
- $12,500 due October 1, 2006
- $12,500 due January 1, 2007
- $12,500 due April 1, 2007
- $12,500 due July 1, 2007
- $12,500 due October 1, 2007

(Doc. No. 1, Ex. A, ¶3(c)). Thus, the total guaranteed minimum payments contemplated if the license agreement lasted until December 31, 2007 equaled $181,250.

The license agreement provided that Plaintiff could terminate the license agreement if Zefal, Inc. failed to make any payment due under the license agreement and such default continued for thirty days after written notice of the default. (Doc. No. 1, Ex. A, ¶ 8(a)). The license agreement also provided that the guaranteed minimum payment for the quarter during which termination occurs shall become immediately due and payable upon termination of the agreement. (Doc. No. 1, Ex. A, ¶ 8(b)).

Plaintiff contends that Zefal, Inc. only paid $5,000 towards the $6,250 that was due on October 1, 2003 and then made no further payments. (Doc. No. 1, ¶ 17; Doc. No. 1, Ex. B).

Therefore, by a letter dated March 2, 2005, Plaintiff gave written notice to Zefal, Inc. that it was terminating their license agreement. (Doc. No. 1, ¶ 19; Doc. No. 1, Ex. C). However, after the termination of the license agreement, Zefal, Inc. continued to market, advertise, and offer for sale products bearing the IRONMAN mark and logo. (Doc. No. 1, ¶ 29).

On April 4, 2005, Plaintiff filed suit against Zefal, Inc. asserting three claims: (1) breach of license agreement, (2) trademark infringement under 15 U.S.C. §§ 1114-1118, and (3) false designation of origin under 15 U.S.C. § 1125(a). Zefal, Inc. filed an answer to the complaint on June 2, 2005. (Doc. No. 8). Thereafter, Zefal, Inc.'s attorneys withdrew, and the Court instructed Zefal, Inc. to obtain new counsel within thirty days. (Doc. No. 27). Zefal, Inc. did not obtain new counsel, so Plaintiff moved for entry of default against Zefal, Inc. (Doc. No. 32). The Court granted the motion, and the Clerk entered default on February 16, 2006. (Doc. No. 34, 35). Plaintiff now moves for default judgment.

## II. Motion for Default Judgment

In its motion for default judgment, Plaintiff seeks the following: (1) $176,250 in damages, (2) $7,621.88 in prejudgement interest, (3) $4,875 in attorneys' fees and costs, and (4) a permanent injunction. Accordingly, the Court will address each element of the requested relief.

### A. Damages

Plaintiff seeks $176,250 in damages for the breach of the license agreement, as that represents the amount of money that Zefal, Inc. would have paid Plaintiff if there were no breach and Plaintiff did not terminate the agreement early.[1] Since the license agreement was terminated

---

[1] $181,250 less the $5,000 due on October 1, 2003 that Zefal, Inc. paid Plaintiff.

on March 2, 2005, there is no question that Zefal, Inc. owed Plaintiff the guaranteed minimum payments through April 1, 2005, which equaled $56,250.[2]  However, Plaintiff requests an award of damages that includes the guaranteed minimum payments for periods after Plaintiff terminated the license agreement.

In support of its argument that it is entitled to an award of damages that includes the guaranteed minimum payments for periods after Plaintiff terminated the license agreement, Plaintiff cites Waste Corporation of America, Inc. v. Genesis Insurance Company, 382 F. Supp.2d 1349 (S.D. Fla. 2005).  In Waste Corp., the issue before the Court was whether there was insurance coverage for claim made by the insured for a payment that it made as a result of a settlement of a contract claim that was asserted against it.  See id. at 1351.  In determining whether the settlement payment was covered under the insurance policy, the court analyzed the nature of the settlement payment.  See id. at 1361.  In doing so, the Court noted that the measure of damages for a breach of contract claim is expectation damages so that the non-breaching party is placed in the same position that it would have been in if the breach had not occurred.  See id. (citations omitted).

The Court finds Waste Corp. distinguishable from the instant case.  In the instant case, Plaintiff terminated the underlying contract and is seeking damages for amounts that would have been due under the contract after its termination had the contract not been terminated.  The Waste Corp. case does not address the measure of damages under a contract if the non-breaching party terminates the contract, and Plaintiff has failed to cite any other cases to support its

---

[2]$1,250 due October 1, 2003; $35,000 due in 2004, and $20,000 due through April 1, 2005.

position that it is entitled to damages that would have been owed had the contract not been terminated by Plaintiff.[3]  Accordingly, the Court awards Plaintiff $56,250 in damages, which is the amount that Zefal, Inc. owed Plaintiff under the license agreement for the guaranteed minimum payments prior to the termination of the license agreement by Plaintiff.

### B.  Prejudgment Interest

Plaintiff seeks $7,621.88 in prejudgement interest.  As explained below, the Court awards Plaintiff $7,576.89 in prejudgment interest.

| Date | Statutory Interest Rate | Amount Owed | Interest Rate[4] | Interest Amount |
|---|---|---|---|---|
| Oct 2003 | 6% | $1,250 | 1.5% | $18.75 |
| 2004 | 7% | $1,250 | 7% | $87.50 |
| 2005 | 7% | $1,250 | 7% | $87.50 |
| 2006[5] | 9% | $1,250 | 3.87%[6] | $48.38 |
|  |  |  | Total | $242.13 |
|  |  |  |  |  |
| Jan 2004 | 7% | $8,750 | 7% | $612.50 |
| April 2004 | 7% | $8,750 | 5.25% | $459.38 |
| July 2004 | 7% | $8,750 | 3.5% | $306.25 |
| Oct 2004 | 7% | $8,750 | 1.75% | $153.13 |
| 2005 | 7% | $35,000 | 7% | $2,450 |

---

[3]Plaintiff is attempting to collect all amounts due under the license agreement, as if it had not been terminated, yet Plaintiff also sued Zefal, Inc. for infringement and false designation of origin based on the fact that the license agreement had been terminated.

[4]Based on length of time left in the year

[5]Through June 6, 2006.

[6]9% x 157 days/365 days

5

| 2006 | 9% | $35,000 | 3.87% | $1354.50 |
|---|---|---|---|---|
|  |  |  | Total | $5,335.76 |
|  |  |  |  |  |
| Jan 2005 | 7% | $10,000 | 7% | $700 |
| April 2005 | 7% | $10,000 | 5.25% | $525 |
| 2006 | 9% | $20,000 | 3.87% | $774 |
|  |  |  | Total | $1999 |
|  |  |  |  |  |
|  |  |  | **TOTAL** | **$7,576.89** |

### C. Attorneys' Fees and Costs

The license agreement provides for payment of attorneys' fees and costs to the prevailing party in any litigation arising out of or relating to the agreement. (Doc. No. 1, Ex. A, ¶ 15(a)). Plaintiff seeks $4,875 in attorneys' fees and costs, consisting of $4,448 in attorneys' fees and $427 in costs. Plaintiff submitted an affidavit attesting to the amount of attorneys' fees and costs attributable to its claims against Zefal, Inc. (Doc. No. 41, Ex. 2). The Court finds that the billing rates of the attorneys is reasonable and that the amount of time spent on this case was reasonable. As such, the Court finds that the amount of attorneys' fees and costs requested is reasonable, and the Court will award Plaintiff $4,448 in attorneys' fees and $427 in costs.

### D. Injunction

Plaintiff also requests an injunction for Zefal, Inc.'s trademark infringement and false designation of origin. Pursuant to 15 U.S.C. § 1116(a), the Court may grant an injunction, according to the principles of equity and upon such terms as the Court deems reasonable, in order to prevent trademark infringement or to prevent a false designation of origin. Upon

6

consideration, the Court will issue a permanent injunction to prevent Zefal, Inc. from resuming its infringing conduct.  See PetMed Express, Inc. v. MedPets.com, Inc., 336 F. Supp.2d 1213, 1223 (S.D. Fla. 2004)(citations omitted).

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Plaintiff's Motion for Default Judgment Against Zefal, Inc (Doc. No. 41) is **GRANTED IN PART AND DENIED IN PART**.

(2) The Clerk is directed to enter in judgment in favor of Plaintiff and against Zefal, Inc. on Counts I, II, and III, and the Court awards Plaintiff the following: (a) $56,250 in damages, (b) $7,576.89 in prejudgement interest, and (c) $4,875 in attorneys' fees and costs.

(3) The Court issues the following permanent injunction against Zefal, Inc.: A permanent injunction is hereby entered in favor of Plaintiff World Triathlon Corporation and against Defendant, Zefal, Inc., its respective agents, servants, employees, officers, successors, licensees and assigns and all persons acting in concert or participation with them, to (a) cease and desist any present or future use of any marks that are confusingly similar to Plaintiff's federally-registered trademarks; (b) destroy all merchandise bearing Plaintiff's federally-registered trademarks; and (c) file with this Court and serve on Plaintiff within thirty (30) days after entry of this Order a report in writing under oath setting forth in detail the manner and form of compliance herewith.

(4) The Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of June, 2006.

                                        SUSAN C. BUCKLEW
                                        United States District Judge

Copies to:
Counsel of Record